The Honorable Jack L. Lively Administrative District Judge The Fourteenth Judicial District of Kansas Municipal Building, 7th Walnut Street P.O. Box 409 Coffeyville, Kansas 67337
Dear Judge Lively:
As administrative judge for the fourteenth judicial district, you request our opinion concerning a county purchasing policy and its application to a district court. The board of county commissioners of Montgomery county has requested that the district court comply with a county purchasing policy which basically requires that all department heads purchase supplies from certain approved vendors. Purchases in an amount less than $500 must be approved by one commissioner and purchases in excess of $500 must be submitted to the entire board. You indicate that the district court has established its own purchasing policy and inquire whether it is required to follow the county's policy.
The Kansas supreme court has general administrative authority over all district courts and the chief justice is responsible for supervising the financial affairs of the court system. Kan. Const., art. 3, sec. 1, K.S.A. 20-101. The administrative judge of each district court has supervisory authority over the clerical and administrative functions of the court subject to supervision by the Supreme Court. K.S.A. 20-329,20-342.
This authority has caused some consternation among county commissioners because while the county is charged with the responsibility for paying the expenses incurred for the operation of the district court, it has little control over the administrative policies of the court. K.S.A.20-348. (Prior Attorney General opinions have concluded that the county has no authority over judicial and nonjudicial district court employees and may not establish the hours and days of operation for a district court. Attorney General Opinions No. 76-234, 76-289, 78-359, 80-32, 86-21.)
K.S.A. 20-349 states, in relevant part:
 "The administrative judge . . . shall be responsible for the preparation of the budget to be submitted to the board of county commissioners of each county.
The board of county commissioners shall then have final authority to determine and approve the budget for district court operations payable by their county. . . .
The budget shall include all expenditures payable by the county for operations of the district court in such county. . . . After the amountof such district court budget is established, the expenditures under suchbudget . . . shall be under the control and supervision of theadministrative judge, subject to supreme court rules relating thereto,and the board of county commissioners shall approve all claims submittedby the administrative judge within the limits of such district courtbudget. (Emphasis added).
In Attorney General Opinions No. 77-180 and 83-76, former Attorney General Robert T. Stephan concluded that K.S.A. 20-349 gives the administrative judge control of all expenditures in the budget if the budget has been approved by the board of county commissioners and that the board must approve payment of claims submitted by the administrative judge provided the claim is within the limits of the district court budget. In short, once the district court budget is approved, the administrative judge has complete authority over how the monies are spent and his or her authority cannot be circumscribed by the board of county commissioners. In light of the broad authority of the Supreme Court and the district court to set administrative policies, it is our opinion that a district court is not required to follow a county purchasing policy and may implement its own policy subject to direction from the Supreme Court. (The office of judicial administration has advised that there are currently no regulations or policy in this area.)
As further support for this position we note that K.S.A. 19-101a grants broad home rule authority to county governing bodies for the purpose of transacting county business, but specifically prohibits such boards from affecting the courts located within the county. Therefore, any attempt by a county to impose its purchasing policy on a district court could be an unauthorized exercise of the county's home rule power. Attorney General Opinions No. 86-21, 86-55.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm